UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KIMBERLY CHANDLER, individually and on behalf of all others similarly situated,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>TA OPERATING LLC, doing Business as Travelcenters of America,<br><br>　　　　　Defendant. | No. 2:20-cv-02091-TLN-DMC<br><br>**ORDER** |

　　　　This matter is before the Court on Defendant TA Operating LLC, doing business as Travelcenters of America's ("Defendant") Motion to Compel Arbitration and Stay Action. (ECF No. 7.) Plaintiff Kimberly Chandler ("Plaintiff") filed an opposition. (ECF No. 9.) Defendant filed a reply. (ECF No. 10.) For the reasons set forth below, the Court GRANTS Defendant's motion.

///
///
///
///
///
///

1

### I. FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff initiated this action in the Shasta County Superior Court on July 21, 2020, on behalf of herself and others similarly situated to assert claims against Defendant. (ECF No. 1-6 at 10.) Defendant operates truck and travel centers along California and U.S. highways. (ECF No. 9 at 6.) Plaintiff was employed from October 2016 through August 2019 as a Customer Service Representative at the Redding, California truck stop. (ECF No. 7-1 at 6.) Defendant states that on December 5, 2017, Plaintiff received, acknowledged, and physically signed a "Mutual Agreement to Resolve Disputed and Arbitrate Claims" (the "Agreement"), which included a class action waiver. (*Id.*; *see also* ECF No. 7-2.)

Plaintiff alleges that during her employment Defendant engaged in numerous wage and hour violations. (ECF No. 1-6 at 13.) Plaintiff asserts causes of action for: (1) failure to pay lawful wages owed; (2) failure to provide lawful meal periods or compensation in lieu thereof, (3) failure to provide lawful rest periods or compensation in lieu thereof; (4) failure to timely pay wages; (5) knowing and intentional failure to comply with itemized employee wage statements provisions; (6) failure to indemnify employee for expenditures; and (7) violations of California's Unfair Competition Law. (*Id.*)

Defendant removed the action to this Court on October 19, 2020 (ECF No. 1), and on June 10, 2021, filed the instant motion to compel arbitration and stay the action (ECF No. 7). In its motion, Defendant argues the Agreement bars Plaintiff's ability to bring this action and she must be compelled to arbitrate. (ECF No. 7-1 at 6.) Defendant further argues that pursuant to the Agreement, the class claims must be dismissed. (*Id.*) On June 24, 2021, Plaintiff filed an opposition (ECF No. 9), and on July 1, 2021, Defendant filed a reply (ECF No. 10).

### II. STANDARD OF LAW

The parties do not dispute that the Federal Arbitration Act ("FAA") governs Defendant's motion. 9 U.S.C. §§ 1–16. In deciding whether to compel arbitration, a district court typically determines two gateway issues: (1) whether a valid agreement to arbitrate exists; and, if it does, (2) whether the agreement encompasses the dispute at issue. *Lifescan, Inc. v. Premier Diabetic Servs., Inc.*, 363 F.3d 1010, 1012 (9th Cir. 2004). "To evaluate the validity of an arbitration

2

agreement, federal courts 'should apply ordinary state-law principles that govern the formation of contracts.'" *Ingle v. Circuit City Stores, Inc.*, 328 F.3d 1165, 1170 (9th Cir. 2003) (citing *First Options of Chicago, Inc. v. Kaplan*, 514 U.S. 938, 944 (1995)). If the court is "satisfied that the making of the arbitration agreement or the failure to comply with the agreement is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." 9 U.S.C. § 4. "[A]ny doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24–25 (1983). If a court "determines that an arbitration clause is enforceable, it has the discretion to either stay the case pending arbitration, or to dismiss the case if all of the alleged claims are subject to arbitration." *Hoekman v. Tamko Bldg. Prod., Inc.*, No. 2:14-cv-01581-TLN-KJN, 2015 WL 9591471, at *2 (E.D. Cal. Aug. 26, 2015) (citation omitted).

**III.  ANALYSIS**

The parties do not dispute that the scope of the arbitration provision encompasses Plaintiff's claims. Rather, the only dispute is whether an enforceable agreement exists in the first place. Plaintiff argues the arbitration agreement is both procedurally and substantively unconscionable and thus cannot be severed. (ECF No. 9.)

California courts apply a "sliding scale" analysis in making determinations of unconscionability: "the more substantively oppressive the contract term, the less evidence of procedural unconscionability is required to come to the conclusion that the term is unenforceable and vice versa." *Kilgore v. KeyBank, Nat'l Ass'n*, 673 F.3d 947, 963 (9th Cir. 2012) (quoting *Armendariz v. Found. Health Psychcare Servs., Inc.*, 24 Cal. 4th 83, 114 (2000)). "No matter how heavily one side of the scale tips, however, both procedural and substantive unconscionability are required for a court to hold an arbitration agreement unenforceable." *Kilgore*, 673 F.3d at 963 (quoting *Armendariz*, 24 Cal. 4th at 89). The Court must apply this balancing test to determine if the arbitration agreement is unenforceable. As the party opposing arbitration, Plaintiff bears the burden of proving unconscionability by a preponderance of the evidence. *Engalla v. Permanente Med. Grp., Inc.*, 15 Cal. 4th 951, 972 (1997).

///

A.     Delegation Clause

As a threshold matter, the Agreement contains a Delegation Clause which states that "[a]ll challenges to the interpretation or enforceability of any provision of this Agreement shall be brought before the arbitrator, and the arbitrator shall rule on all questions regarding the interpretation and enforceability of this Agreement." (ECF No. 10 at 6.) Delegation clauses "delegate[] the dispute over whether the agreement to arbitrate merits disputes [are] enforceable (arbitrability questions) to an arbitrator. Thus, a delegation [clause] is a sub-category of arbitration agreement. A court may conclude that the parties agreed to have an arbitrator decide this arbitrability question only when there is 'clear and unmistakable' evidence." *Norris v. Aon PLC*, No. 21-CV-00932-CRB, 2021 WL 1238303, at *3 (N.D. Cal. Apr. 2, 2021), *reconsideration denied*, No. 21-CV-00932-CRB, 2021 WL 1873098 (N.D. Cal. May 10, 2021) (internal citations omitted).

The parties do not dispute the Delegation Clause exists, but rather, Plaintiff contends the clause is unconscionable because the Agreement and Delegation Clause require the application of Delaware law to determine the enforceability of the Delegation Clause. (ECF No. 9 at 16.) However, Plaintiff's argument is not persuasive. Courts within the Ninth Circuit have enforced delegation clauses with similar choice of law provisions. *See, e.g.*, *Wainwright v. Melaluca, Inc.*, No. 2:19-cv-02330-JAM-DB, 2020 WL 417546, at *4 (E.D. Cal. Jan. 27, 2020), *aff'd*, 844 F. App'x 958 (9th Cir. 2021) (upholding a delegation clause where the "contract clearly and unmistakably delegated questions related to the scope and enforceability of the arbitration agreement to an arbitrator"); *Norris*, 2021 WL 1238303, at *6.

Moreover, there is "clear and unmistakable" evidence the parties agreed to the Delegation Clause. Accordingly, whether the Agreement is enforceable is a question for the arbitrator. As the Court discusses below, even if the Delegation Clause were found to be unconscionable, this Court would still find the Agreement as a whole is not unconscionable.

B.     Procedural Unconscionability

Plaintiff argues the Agreement is procedurally unconscionable because it is a contract of adhesion. (ECF No. 9 at 78.) Defendant concedes this contract is a contract of adhesion but

1  argues that this alone does not render the Agreement unenforceable. (ECF No. 10 at 89.)

2  In evaluating procedural unconscionability under California law, courts "focu[s] on the
3  factors of surprise and oppression in the contracting process, including whether the contract was
4  one drafted by the stronger party and whether the weaker party had an opportunity to negotiate."
5  *Pokorny v. Quixtar*, 601 F.3d 987, 996 (9th Cir. 2010). Oppression arises "from an inequality of
6  bargaining power [that] results in no real negotiation and an absence of meaningful choice."
7  *Circuit City Stores, Inc. v. Mantor*, 335 F.3d 1101, 1106 (9th Cir. 2003) (*quoting Stirlen v.*
8  *Supercuts, Inc.*, 51 Cal. App. 4th 1519, 1532 (1997)).

9  A contract of adhesion is "a standardized contract, which, imposed and drafted by the
10 party of superior bargaining strength, relegates to the subscribing party only the opportunity to
11 adhere to the contract or reject it." *Armendariz*, 24 Cal. 4th at 113. "It is well settled that
12 adhesion contracts in the employment context . . . typically contain some aspects of procedural
13 unconscionability." *Peng v. First Republic Bank*, 219 Cal. App. 4th 1462, 1470 (2013) (citation
14 and quotation marks omitted). However, "the adhesive aspect of an agreement is not dispositive."
15 *Id.* When "there is no other indication of oppression or surprise, the degree of procedural
16 unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless
17 the degree of substantive unconscionability is high." *Id.*

18 Because the Agreement is a contract of adhesion, it is necessary to proceed to the next
19 step of the procedural unconscionability analysis, which asks whether there is evidence of
20 oppression or surprise. *See Peng*, 219 Cal. App. 4th at 1470. Here, the Agreement was clearly
21 visible in a separate and distinct section. Plaintiff was also expressly informed of her "right to
22 seek legal counsel regarding the meaning and effect of the agreement," (ECF No. 7-2 at 9), which
23 is indicative of a lack of surprise and coercion.

24 Plaintiff further argues the Agreement is procedurally unconscionable because Defendant
25 failed to provide a copy of the applicable arbitration rules. (ECF No. 9 at 9.) This argument is
26 unpersuasive. California courts have repeatedly rejected similar arguments. *See Peng*, 219 Cal.
27 App. 4th at 1472 (employer's failure to attach applicable arbitration rules did not add to
28 procedural unconscionability); *Jackson v. TIC—The Industrial Company*, No. 1:13-CV-02088-

1  AWI, 2014 WL 1232215, at *7 (E.D. Cal. Mar. 24, 2014) ("incorporation of the AAA rules does
2  not mandate a finding that the defendant's arbitration provision is procedurally and substantively
3  unconscionable"); *Collins v. Diamond Pet Food Processors of Cal., LLC*, No. 2:13-CV-00113-
4  MCE, 2013 WL 1791926, at *5 (E.D. Cal. Apr. 26, 2013) ("Numerous courts have concluded that
5  incorporation of the AAA rules by reference into an otherwise valid arbitration agreement does
6  not render such an agreement procedurally unconscionable.") (citations omitted).
7      Plaintiff provides no other evidence of oppression. Nor is there anything to indicate that
8  the Arbitration Provision was unduly surprising. As the court explained in *Jackson*, the
9  defendant's "arbitration provision [was] clearly labeled as such and set apart from other sections
10 in [the defendant's] applications for employment. It appeared immediately below a portion of the
11 document that applicants were required to complete, and on the same page as a signature line
12 requiring an acknowledgment of the arbitration provision." 2014 WL 1232215, at *6.
13     Because Plaintiff has failed to provide evidence that the Agreement is procedurally
14 unconscionable, the Court finds the Agreement is not procedurally unconscionable.
15         C.        <u>Substantive Unconscionability</u>
16     Plaintiff argues the Agreement is substantively unconscionable for six reasons: (1) only
17 Plaintiff is required to bring claims to arbitration while Defendant is not; (2) the Agreement
18 required Plaintiff to participate in a grievance process; (3) the Agreement contains an "arbitrator
19 selection provision" that renders the Agreement substantively unconscionable; (4) the Agreement
20 limits Plaintiff's right to discovery; (5) the Agreement limits arbitration to a single day; and (6)
21 the Agreement waives Plaintiff's right to a jury trial. The Court will address each argument in
22 turn.
23         *i.*        *Mutual Agreement*
24     Plaintiff argues the Agreement requires only Plaintiff to bring claims through arbitration
25 and not Defendant. (ECF No. 9 at 11.) However, the Agreement on its face states it is a "Mutual
26 Agreement to Resolve Disputes and Arbitrate Claims," that provides claims by either party are
27 subject to arbitration. (ECF No. 7-2 at 5.) The Agreement further includes language stating "[i]f
28 the Company believes it has a claim against you, it will send a completed Disputed Resolution

6

1  Claim Form . . . ."  (ECF No. 7-2 at 6.)  The Agreement on its face does not support Plaintiff's

2  claim, and Plaintiff fails to provide additional evidence supporting her argument.

3           *ii.*  *Grievance Process*

4    Plaintiff argues the Agreement requires employees to submit their claims through a

5  grievance process prior to arbitration, which she states is substantively unconscionable because it

6  "impairs the employee's ability to effectively vindicate their statutory rights in arbitration."  (ECF

7  No. 9 at 13.)  The Agreement provides that should an employee have a claim against Defendant

8  they "must send notice of [their] claim."  (ECF No. 7-2 at 5.)  Such notice must be given by

9  completing a "Dispute Resolution Claim From," and submitted to Defendant's Human Resources

10  Department.  (*Id.*)  Plaintiff failed to cite to any legal authority in support of this argument, and

11  the Court has found at least one instance in this Circuit where similar provisions were not found

12  to be unconscionable.  *See Felix v. Guardsmark*, LLC, No. 3:13-CV-00447-BR, 2014 WL

13  657177, at *6 (D. Or. Feb. 19, 2014).

14           *iii.*  *Arbitrator Selection Provision*

15    Plaintiff argues the Agreement contains an "arbitrator selection provision" that renders the

16  Agreement substantively unconscionable.  (ECF No. 9 at 13.)  A neutral arbitrator "is essential to

17  ensuring the integrity of the arbitration process."  *Armendariz*, 24 Cal.4th at 103.  Allowing one

18  party to designate the arbitrator lacks mutuality and "gives rise to a significant risk of financial

19  interdependence between [the defendant] and the arbitrator, and an opportunity for [the

20  defendant] to gain an advantage through its knowledge of and experience with the arbitrator."

21  *Sanchez v. Western Pizza Enterprises, Inc.*, 172 Cal. App. 4th 154, 177 (2009).

22    Here, the Agreement provides that a list of three arbitrators will be provided to each party

23  with the requirement that the party who files for arbitration must eliminate one out of the three

24  arbitrators within twenty days. (ECF No. 7-2 at 7.)  If the party filing for arbitration fails to do

25  so, the claim is waived.  (*Id.*)  If the non-filing party fails to eliminate an arbitrator within the

26  specified time period, the arbitration firm shall do so.  (*Id.*)

27  ///

28

1    Plaintiff claims there is a presumption that employees will be filing claims, and thus the
2  provision is one-sided and overly harsh as only the party filing a claim faces the consequence of
3  having its claim waived. (ECF No. 9 at 13–14.) Regardless of Plaintiff's perceived presumption,
4  the claims subject to arbitration are claims by either an employee or by Defendant. (*See* ECF No.
5  7-2.) Moreover, the arbitrator choices are not provided by Defendant but rather the arbitration
6  firm, National Arbitration and Mediation, Inc. ("NAM").

7    In cases where arbitration selection provisions have been considered substantively
8  unconscionable, the provisions are significantly more one-sided — for example, the defendant
9  itself provides the list of arbitrators or the final decision of who the arbitrator will be. *See, e.g.*,
10  *Garcia v. Kakish*, No. 1:17-CV-00374-JLT, 2017 WL 2773667, at *7 (E.D. Cal. June 27, 2017),
11  *report and recommendation adopted*, No. 1:17-CV-00374-JLT, 2017 WL 4325777 (E.D. Cal.
12  Sept. 29, 2017) (holding a provision stating the arbitrator was "subject to [defendant's] approval"
13  was unconscionable); *Milliner v. Bock Evans Fin. Couns., Ltd.*, 114 F. Supp. 3d 871, 880 (N.D.
14  Cal. 2015) (finding arbitration selection provision unconscionable where defendant provided
15  arbitrator options); *but see West v. Reliant Fin. Corp.*, No. 20CV678-JAH-JLB, 2021 WL
16  1749905, at *6 (S.D. Cal. May 4, 2021) (upholding an arbitrator selection provision even though
17  the provision "clearly bestows on [d]efendants an additional right than would otherwise be
18  available and simultaneously deprives [p]laintiff of a right she would otherwise enjoy," because
19  "it does not clearly yield results that are overly harsh or so one-sided as to be fundamentally
20  unfair").

21    Here, both parties are subject to the same provisions. Even if, as Plaintiff suggests,
22  Defendant is provided with an additional right, this is not so harsh or one sided as to render the
23  Agreement substantively unconscionable. *West*, 2021 WL 1749905, at *6.

24                    iv.    Limitation to Discovery

25    Plaintiff argues the Agreement limits her right to discovery which renders it substantively
26  unconscionable. (ECF No. 9 at 11–12.)

27    However, limitations on discovery do not inherently render an arbitration provision
28  unconscionable. *See, e.g.*, *Dotson v. Amgen, Inc.*, 181 Cal. App. 4th 975 (2010) (rejecting a claim

8

of unconsciionability based on a limitation of only one fact witness deposition and one expert witness deposition because the employee could obtain additional depositions "upon a showing of need"). "The fact that arbitration *may* limit a party's discovery rights is not 'substantive unconscionability.' If it were, every arbitration clause would be subject to an unconscionability challenge on that ground." *Coast Plaza Doctors Hosp. v. Blue Cross of Cal.*, 83 Cal. App. 4th 677, 689–90 (2000); *see also Lucas v. Hertz Corp.*, No. C 11-01581 LB, 2012 WL 5199384, at *4 (N.D. Cal. Oct. 21, 2012) ("*Concepcion*, however, suggests that limitations on arbitral discovery no longer support a finding of substantive unconscionability.") (citing *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333 (2011)).

Here, the Agreement states Defendant selected NAM to arbitrate agreements, and NAM rules state that "the Parties shall provide each other with copies of all documents (except for privileged documents that are protected from disclosure . . . ) upon which they rely in support of their claims or defenses." (ECF No. 7-2 at 6; ECF No. 7-3 at 3.) These provisions support a finding that ongoing discovery is required and do not support a finding of substantive unconscionability.

### v. Single Day

Plaintiff argues the Agreement's provision limiting arbitration to single day is unconscionable because Plaintiff cannot effectively present her case in this limited timeframe. (ECF No. 9 at 15.) While the agreement does generally limit arbitration to a single day, it includes a caveat: "[u]nless the arbitrator determines otherwise." (ECF No. 7-2 at 7.) Plaintiff fails to address this provision and does not cite to any authority as to why leaving the timeframe of the arbitration in the hands of a neutral arbitrator is unconscionable.

### vi. Jury Trial Waiver

Plaintiff argues the Agreement includes a waiver for a jury trial, which Plaintiff maintains is unconscionable. (ECF No. 9 at 15.) Plaintiff's argument is unpersuasive. In *Grafton Partners v. Superior Court*, 36 Cal. 4th 944, 964 (2005), the California Supreme Court stated, "the Legislature has enacted a comprehensive scheme *authorizing* predispute arbitration agreements (§ 1280 et seq.), expressing a strong state policy favoring arbitration." *Id.* (emphasis in original).

1   Further, the California Supreme Court has distinguished arbitration agreements from jury trial

2   waivers.  *Grafton*, 36 Cal. 4th at 955 ("Unlike predispute jury waivers, predispute arbitration

3   agreements are specifically authorized by statute . . . [A]rbitration agreements are distinguishable

4   from waivers of the right to jury trial in that they represent an agreement to avoid the judicial

5   forum altogether.") (citing Cal. Civ. Code § 1281)).  Arbitration agreements are substantively

6   unconscionable if they "require[ ] plaintiffs to waive in advance their right to a jury trial for any

7   dispute for which arbitration is not allowed by law."  *Dougherty v. Roseville Heritage Partners*,

8   47 Cal. App. 5th 93, 107 (2020).  The Agreement in this case does not require Plaintiff to waive

9   the right to a jury trial for any non-arbitrable dispute.

10   Plaintiff has failed to provide sufficient argument or evidence that the Agreement is

11   unconscionable.  Accordingly, the Court GRANTS Defendant's motion to compel arbitration.

### IV. CONCLUSION

For the foregoing reasons, the Court GRANTS Defendant's Motion to Compel Arbitration (ECF No. 7) and STAYS the case pending completion of arbitration of Plaintiff's individual claims.[1]  The parties shall notify the Court within thirty (30) days of completing arbitration.

IT IS SO ORDERED.

DATED: February 24, 2022

*(signature)*
Troy L. Nunley
United States District Judge

---

[1] The Agreement contained a provision to "waive all rights to bring, or be a party to, any class or collective claims against one another and agree to pursue claims on an individual basis only." (ECF No. 7-2 at 9.)  Plaintiff does not dispute that the Agreement contains this waiver. (ECF No. 9.)